The Court

overruled the objection ; because, if sustained, it would have a tendency to permit a man to take advantage of his own wrong, (which the law abhors,) and suffered the plaintiff to go into evidence of his possession.
Several witnesses were then called, who proved an uninterrupted possession in old Gordon, of ten years afcer the purchase from Rogers.
Af'er this testimony was given, the counsel for the plaintiff relied also on the limitation act of 1712, second clause, which declares, “ that all claims to lands shall be proseen-a ted within five years after such claim accrues ; otherwise, u the party claiming, and all persons under him, shall be for ever barred from receiving the same.” The third clause of the same act, further declares, “ that all claims “ shall be by suit at law, and that no other claim whatever, “ should be allowed in any court of record.” Here, then, it was contended, that Parsons had not prosecuted his claim within five years after it accrued ; and further, that when he thought proper to make a claim, it was not a legal one, such as the law required, but a tortious one, which, instead of giving him a right, made him a trespasser.
The Court were clearly of opinion, that notwithstanding the deed to old Gordon had not been first recorded, according to the directions of the act, so as to give him a title thereby ; yet the plaintiff might relinquish his claim under it, and go *40 into his statutory title of possession; which being clearly Provec4 they thought entitled the plaintiff to a recovery.
Bay, for plaintiff.
Waties and Parker, for defendants.
Verdict for plaintiff.
A motion for a new trial was afterwards made at the adjourned court in Charleston, but the rule was discharged.